1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF ARIZONA**

8  Step-Tone Entertainment Corporation, et al.,     )
                                                    )  CV 12-298 TUC DCB
9                     Plaintiffs,                   )
   v.                                               )
10                                                  )  **ORDER SETTING RULE 16**
   Gary Anthony Granito, et al.,                    )  **SCHEDULING CONFERENCE**
11                                                  )
                      Defendants.                   )
12 _____  )

13

**IT IS ORDERED** that, pursuant to Rule 16, Federal Rules of Civil Procedure, a Pretrial Scheduling Conference is set for **Tuesday, November 14, 2012 at 10:00 a.m.  The conference will be held telephonically with the Judge's law clerk, Greer Barkley. Plaintiffs' counsel shall initiate the conference call with all appropriate parties on the line to (520) 205-4560.**  In the event that counsel wishes to personally appear at the scheduling conference, counsel shall give such notice to the law clerk assigned this case at least 3 days prior to the conference.

Counsel are directed to consult the Federal Rules of Civil Procedure for the objectives of the conference.  At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

**IT IS FURTHER ORDERED** that, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel are directed to confer at least **21 days** prior to the scheduling conference to discuss the following matters:

1.    Any matters relating to jurisdiction or venue or the joinder of additional parties;

2.     The scope of discovery. Counsel are expected to comply with Rule 26(f), Federal Rules of Civil Procedure, and seek to minimize the expense of discovery. The parties shall determine how to handle the disclosure or discovery of electronically stored information. The parties shall make any agreements as to how to handle claims of privilege or claims of protection for trial-preparation materials asserted after production;

3.     Initial Disclosures. **Prior to or when the parties confer pursuant to Rule 26(f), counsel should make the necessary disclosures required under Rule 26(a)(1).** *See* **Fed. R. Civ. P. 26(a)(1)(C) (providing for the Court to set the time for initial disclosures),** *see* **Fed. R. Civ. P.26(f)(2) (providing for initial disclosures to be made when parties confer). The parties shall include in their discovery plan when they made initial disclosures. Fed. R. Civ. P.26(f)(3)(A)**;

4.     A schedule for all pre-trial proceedings;

5.     Modification of pre-trial procedures due to the simplicity or complexity of the case;

6.     Prospects for settlement; and

7.     Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that the parties shall prepare a **joint** Case Management Plan and file it with the Court not less than **5 days** before the Rule 16 scheduling conference. The report shall include individually numbered brief statements indicating:

1.     The names and telephone numbers for counsel who are appearing at the Pretrial Scheduling Conference.

2.     The nature of the case, setting forth the factual and legal basis of plaintiff's claims and defendant's defenses;

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4. The jurisdictional basis of the case, citing specific statutes;

5. The parties, if any, that have not been served;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions;

8. Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial;

9. The status of related cases pending before other judges of this court or before other courts;

10. Proposed deadlines for discovery, including when initial disclosures were made; filing dispositive motions, and a pre-trial statement;

11. Estimated date that the case will be ready for trial and the estimated length of trial;

12. Whether a jury trial has been requested;

13. The prospects for settlement, including whether any party wishes to have a settlement conference with another judge or magistrate and how settlement efforts can be assisted;

14. In class actions, the proposed dates for class certification proceedings and other class issues. Such certification will result in the case being reassigned to the complex track for case management purposes

15. Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is **necessary and essential**; and

16. Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.

After the scheduling conference, the Court will enter a Rule 16 Scheduling Order setting the time within which counsel may complete discovery, file pre-trial dispositive motions, and file the proposed pre-trial order. The Court's Order shall control the course of the action unless modified by subsequent Order.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(m), all un-named Defendants being subject to dismissal from this action for lack of service, Plaintiffs shall be prepared at the scheduling conference to show good cause why these Defendants should not be dismissed, without prejudice to Plaintiffs' amending the Complaint subsequent to discovery.

DATED this 11th day of September, 2012.

David C. Bury
United States District Judge