WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Slep-Tone Entertainment Corporation and Piracy Recovery LLC,

        Plaintiff,

v.

Gary Anthony Granito et al.,

        Defendants.

CV 12-298 TUC DCB

**ORDER**

        The Plaintiffs filed the Complaint on April 20, 2012. Some Defendants answered. The Court issued an Order to Show Cause as to why unserved Defendants should not be dismissed. The Plaintiffs did not object to dismissal for lack of service as to the following Defendants: Kent B. Campbell, David R. Fuller, Alejandro Gutierrez, Jr., Jamie P. Jackson, Benjamin Knauer, Tiffany McDaniel, Keith E. Powell, Sharon D, Silver, and unknown parties named as John Does 1 through 20 and XYZ Organizations. These Defendants will be dismissed from the case, without prejudice.

        After alternatively serving Defendant Tony G DJ, L.L.C. by delivering process to the Arizona Corporation Commission as the statutory agent, the Plaintiffs sought entry of default as to Defendant Tony G DJ, L.L.C. Default was entered by the Clerk of the Court on January 8, 2013. Defendant Tony G DJ, L.L.C. is subject to judgment by default, and Plaintiffs must proceed accordingly or the case against this entity may be subject to dismissal for lack of prosecution. LR Civ. 41.1.

        After filing Answers, the Defendants Granito, Turner, and Brown filed motions for judgment on the pleadings, and Defendant Hurbon filed a motion to dismiss. These

Defendants have joined in each others' motions. Defendant Granito filed a motion to sever. Defendant Brown filed a Motion to Strike the Plaintiffs' Response to his Motion for Judgment on the Pleadings. These motions are fully briefed and ready for disposition. The Court denies them for the reasons stated in this Order.

Discovery closed June 3, 2013. Subsequently, Defendant Granito filed a Motion for Summary Judgment on June 18, 2013. On July 8, 2013, Plaintiffs filed a Motion for an Order to Show Cause. Plaintiffs ask the Court to require Defendant Granito to show cause why summary judgment should not be entered against him as a sanction under Fed. R. Civ. P.11 for spoilation of evidence. Neither motion is fully briefed. The Court stays the time for Plaintiffs to respond to the motion for summary judgment and orders Defendant Granito to show cause why summary judgment or some lesser sanction should not be entered against him for destruction of evidence.

## A.    Defendants' Motions for Judgment on the Pleadings

All Defendants having answered, they proceed now under Rule 12(c): Motion for Judgment on the Pleadings.[1]

Rule 12(c) allows for disposing of cases on the basis of the underlying substantive merits of the parties' claims and defenses as revealed in the formal pleadings in a case: the Complaint and Answer. Rule 12(c) provides a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by looking at the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. *Lyon v. Chase Bank*, 656 F.3d 877, 883 (9th Cir. 2011). Motions for judgments on the pleadings have utility when there are no material

---

[1] Defendant Hurbon files a Motion to Dismiss, pursuant to Rule 12(c), for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B).

facts in dispute and only questions of law remain to be decided by the court. *Enron Oil Trading & Transportation v. Walbrook Insurance*, 132 F.3d 526, 528-29 (9th Cir. 1997).

To the extent the Defendants challenge the Plaintiffs' Complaint as failing to state a claim, the Court denies the motions. Plaintiffs' Complaint alleges facts, accepted as true, to state a claim for relief plausible on its face for trademark and trade dress infringement, and unfair competition in violation of 15 U.S.C. § 1125(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs allege facts in the Complaint as follows. Plaintiffs own multiple federal registrations for the trademarks relied on by them in the suit. The Complaint alleges the Defendants have acted together, collectively, to provide commercial karaoke services to bars, restaurants, and other businesses in the Tucson area. The Complaint charges the Defendants have made many counterfeit copies of the karaoke accompaniment tracks manufactured and distributed by the Plaintiffs and protected by Plaintiffs' trademarks. These counterfeit copies contain Plaintiffs' federally registered trademark and unregistered trade dress and are contained on computer hard drives which are used to provide commercial karaoke services, and Defendants have used, sold or rented those hard drives to others to use in such commercial services. The Defendants collectively have none or no more than one set of Plaintiffs' original trademarked media karaoke accompaniment tracks. The activities of the Defendants have damaged the Plaintiffs by creating a likelihood of customer confusion and direct loss of sales of bona fide materials through crowding out of legitimate karaoke jockeys (KJs). (Ps' Response to Granito MJP at 2-4 (Doc. 56) (citing Complaint (Doc. 1) ¶¶ 77-88, 8-23, 35-36, 53, 56-57, 107, 124-26, 127-29, 130, 134-36, 107-117, 118-123)); (Ps' Response to Turner's MJP (Doc. 58) at 2-3 (citing same)); (Ps' Response to Brown MJP (Doc. 73) at 2-3 (citing same); (Ps' Response to Hurbon MD (Doc. 86) at 2-4 (citing same)).

To the extent the Defendants challenge the sufficiency of these factual assertions because Plaintiffs have unclean hands or Defendants are attempting to raise a defense of unclean hands, the motions fail. The doctrine of unclean hands "closes the doors of the court

3

of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Mfg. Co., v. Auto. Maintenance Machine Co.,* 324 U.S. 806, 814 (1945) Unclean hands applies to alleged misconduct by the party concerning the claim. (Ps' Response to Granito MJP (Doc. 56) at 10) (citations omitted).

Even assuming Defendant Granito's allegation that Plaintiffs violated copyright laws is true, Defendant's unclean hands defense lacks the crucial element of relatedness between this alleged inequitable conduct and Plaintiffs' trademark infringement claim against the Defendants. In the Ninth Circuit, "what is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts ..." *Republic Molding Corporation v. B.W. Photo Utilities,* 319 F.2d 347, 349 (9th Cir.1963). Thus, the inquiry is not whether Plaintiffs violated copyright laws in making the karaoke accompaniment tracks, but whether the alleged copyright infringement by Plaintiffs impacts the scope of trademark protection they now seek to assert against Defendants. It does not because Plaintiffs case is premised on alleged infringing use of registered trademarks contained in karaoke accompaniment tracks made by the Plaintiffs; it does not matter whether the Plaintiffs have been sued for copyright infringement in respect to their use of music and lyrics in making those tracks. (Response to Granito MJP (Doc. 56) at 10.)

The Plaintiffs are not seeking to enforce a media shifting policy which Granito challenges as illegal. *Id.* at 9. And, Plaintiffs' Verified Compliance Safe Harbor Program, which Granito alternatively challenges as an illegal relationship, *id.*, is not a program applicable to the Defendants because it operates to protect a venue, not a KJ, from being charged with trademark infringement if it hires pirate operators. *Id.* at 9-10.

Defendant Turner's Motion for Judgment on the Pleadings relies exclusively on arguments of unclean hands. He submits that Slep-Tone has unclean hands because it allows media shifting; has bullied defendants into quick settlements, and has sued innocent people that were not part of the Tony G DJ enterprise. To the extent Defendant Turner attempts to

4

raise an unclean hands defense on Plaintiffs' media-shifting policy, he duplicates an argument made by Defendant Granito, whose Motion for Judgment on the Pleadings Defendant Turner joined. The argument fails for Defendant Turner for the reasons it failed for Defendant Granito, *id.* at 9, and for the reasons stated by Plaintiffs' in its Response to Defendant Turner's Motion for Judgment on the Pleadings, (Doc. 58), at 4-5. Bullying is not a defense nor does Defendant Turner have standing to object to the Complaint on behalf of others, especially others not named as parties to this case. He does not assert he is one of the innocent parties. Defendant Brown's argument that Plaintiffs have unclean hands because they are greedy is likewise not a defense.

Defendant Hurbon asserts the Plaintiffs have unclean hands because they are trying to enforce trademark rights on the back of recordings they made and trademarked in violation of copyright laws. As explained above and for all the reasons explained in the Plaintiffs' response to the Motion to Dismiss, (Response to Hurbon's MD (Doc. 86) at 4-5), this challenge fails as a defense. The Plaintiffs correctly note that this is not a copyright infringement case. Plaintiffs sue Defendants for making copies of karaoke tracks made by the Plaintiffs and for including Plaintiffs' trademarks and trade dress in those copies. *Id.*

The remainder of the Defendants' arguments are denied because they are not properly asserted under Fed. R. Civ. P. 12.

1. Granito's Other Arguments

Defendant Granito's assertion of insufficient notice because the Plaintiffs did not properly mark their karaoke discs with the trademark symbol ® raises facts outside the face of the pleadings. It is a disputed material question of fact whether Defendants made counterfeit copies of Plaintiffs' karaoke accompaniment tracks and if so, which tracks, CDs or MP-3s, were copied by Defendants. Additionally, this challenge is denied on the merits for the reasons stated in the Plaintiffs' Response, (Doc. 56) at 4-6. Defendant challenges the enforceablity of Plaintiffs' "conditions of tolerance," which provide procedures for an operator to make one copy of one original. Plaintiffs do not seek to enforce this condition,

and Granito does not defend his alleged acts of copying under this condition. Defendant asserts that Plaintiffs cannot establish any likelihood of confusion because his business of selling KJ services is different from Plaintiffs' business of selling karaoke CDs. To find a likelihood of confusion, the Court will consider eight factors that all require factual determinations, none of which have been admitted in the pleadings. See (Response (Doc. 56) at 8 (citing *AMF, Inc., v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), abrogated in part on other grounds by *Mattel, Inc. v. Walking Mountain Prod.,* 353 F.3d 791 (2003) (setting out the test for assessing likelihood of confusion)). Defendant challenges Plaintiffs' ability to prove counterfeiting, but as explained above the Plaintiffs have alleged sufficient facts to support this claim.

2.   Brown's Other Arguments

As Defendant Granito argued, Defendant Brown also asserts that he is not in competition with the Plaintiffs and, therefore, cannot be liable for trademark infringement and unfair competition. The primary question addressing unfair competition will be whether customers are likely to be confused about the source or sponsorship of the products. (Response (Doc. 73) at 8 (citing *Halicki Films v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1228 (9th Cir. 2008)). For the same reasons Granito's assertion fails that there is no likelihood of confusion, Defendant Brown's unfair competition argument also fails. And, Defendant Brown's argument that the trade dress claim fails because Plaintiffs have not consistently used the trade dress raises a disputed issue of fact and falls outside the scope of a motion for judgment on the pleadings.

Defendant Brown's Motion to Strike the Plaintiffs' Response as Untimely is denied because the service date of the motion is the filing date indicated on the Notice of Electronic Filing. (Response to Motion to Strike (Doc. 79) ¶¶ 2-3.)  The motion was filed electronically on January 3, 2013. The Response was due by January 22, to accommodate 14 days for the response, three days for mailing and because January 21, 2013, was a holiday, Martin Luther King Day. The Response was filed January 22, 2013.

The Court notes that it has only granted leave to Defendant Granito to electronically file in this case, dependent on his compliance with all the rules outlined in the District of Arizona' Case Management/Electronic Case Filing Administrative Policies and Procedures Manual.  The Court is not aware of any rule for Defendant Granito to allow other Defendants access to the Court's electronic filing system, and the Court assumes that is the means by which Defendant Brown electronically filed his motion.  The Court directs Defendant Granito to show cause why this misuse of the electronic filing system should not result in immediate discontinuation of this privilege and disabling of the password assigned to him. (Order (Doc. 40) at 1-2.)

3.   Hurbon's Other Arguments

Defendant argues that he and the other Defendants are engaged in nominative fair use of Plaintiffs' asserted trade marks because they only use the mark to refer to the Plaintiffs' trademarked goods or services, but *Dastar Corp. v. Twentieth Century Fox Film,* 539 U.S. 23, 37 (2003) makes it clear that the Trademark Act protects the physical thing. Here, the thing protected by Plaintiffs' trademark is the karaoke accompaniment tracks, which Plaintiffs manufacture and produce on CDs and MP3s. For the reasons stated in Plaintiffs' Response (Doc. 86) at 7-9, Defendant Hurbon's assertion of nominative use fails. Like Defendants Granito and Turner, Defendant Hurbon argues there can be no consumer confusion.  Like their motions, Defendant Hurbon's motion fails because this is a disputed fact question not properly decided by a motion under Rule 12.

Defendant Hurbon cannot assert a conflict of interest exists between the Plaintiffs in having the same attorney.  "The Ninth Circuit has indicated that it has 'difficulty seeing how [an opposing party] has standing to complain about a possible conflict of interest ... having nothing to do with [his] own representation' and that, as a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'"  *Kasza v. Browner,* 133 F.3d 1159, 1171 (9th Cir.1998) (quoting *United States v. Rogers*, 9 F.3d 1025, 1031 (2nd Cir. 1993) (further quotes omitted).

Defendant points to no specific injury to him that he believes has occurred or will occur as a result of Plaintiffs being represented by the same attorney.

Defendant Hurbon also complains the Plaintiffs' investigators were not properly licensed and registered by the State of Arizona, as required pursuant to A.R.S. § 32-2401 *et seq*. The Plaintiffs respond that state law, A.R.S. § 32-2409, provides an exemption for "a practicing attorney involved in a case for which the attorney has been retained or a person employed under an employee-employer relationship with a practicing attorney, in the employee's performance of duties related to a case for which the attorney has been retained." The Court will not strike factual allegations in the Complaint that are premised on information obtained for Plaintiffs by private investigators employed by their attorneys.

To the extent Defendant Hurbon's motion is aimed at Plaintiffs' refusal to disclose as attorney work product the names and contact information of these investigators, (Hurbon's Motion (Doc. 87) at 3, (Granito's Motion for Summary Judgment (Doc. 92) at 6-7), Plaintiffs could have, but did not, submit the discovery question to the Court by filing a motion to compel the disclosures. Fed. R. Civ. P. 26(b)(3);[2] *Torres v. Goddard*, 2010 WL 3023272 (Ariz. 2010).

## Defendant Granito's Motion to Sever

Defendant Granito challenges the joinder of Defendants and asks the Court to sever them because they are independent contractors. Rule 20 permits joinder of defendants where the right to relief arises from the same transaction or occurrence or series of transactions or

---

[2]The attorney work product privilege is broader in application than attorney-client privilege. The doctrine is codified in Rule 26(b)(3). The Court must protect mental impressions, conclusions, opinions, or legal theories of an attorney, including investigators working for a party or its attorney. And, the rule protects materials prepared during litigation or in anticipation of litigation, with the only exception for disclosure being upon a showing by the party seeking discovery that he has a substantial need for the material in preparation of the case and is unable, without undue hardship, to obtain the materials through other means.

occurrences, and where there are common questions of fact and law. Fed. R. Civ. P. 20(a)(2). Clearly, there are common questions of law and fact at issue in the case because the Defendants are accused of infringing the same trademarks in the same way. The Complaint charges the Defendants with acting together in a common enterprise, the Tony G DJ and Karaoke Services. The Defendants are properly joined.

### **Plaintiffs' Motion for Order to Show Cause**

The harder question before the Court is Plaintiffs' Motion for an Order to Show Cause why summary judgment should not be entered against Defendant Granito as a sanction for his spoilation of evidence. It appears that Defendant Granito has erased the hard drives used by his company, which Plaintiffs allege contained infringing trademark copies of their karaoke tracks. On June 18, 2013, Defendant Granito filed a Motion for Summary Judgment wherein he asserts the Plaintiffs have no proof he made, acquired, or used unauthorized counterfeit duplicates of Plaintiffs' karaoke accompaniment tracks on hard drives. (Granito's MSJ (Doc. 92)). Spoilation is a very serious accusation, especially because Granito seeks to take advantage of the lack of evidence in his Motion for Summary Judgment. If true, his spoilation of this evidence may warrant sanctions, including the extreme sanction of granting summary judgment for the Plaintiffs.

The Defendant should take great care in reading the Plaintiffs' motion, especially noting the standard this Court will apply to determine whether or not to impose sanctions for the spoilation of this evidence, which is: 1) whether the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; 2) whether the destruction or loss was accompanied by a culpable state of mind; and 3) whether the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence. (Motion for OSC (Doc. 94) at 5 (citing *Goodman v. Praxair Servs., Inc.,* 632 F. Supp.2d 494, 509 (Md. 2009).

Because the Defendant is *pro se* and to assist him in responding to this very serious accusation, the Court directs him to footnotes 1 and 2 in the motion, which correctly explain

9

that pre-suit investigations are primarily directed at satisfying the requirements of Rule 11 for making the allegations in the Complaint. Discovery is the proper mechanism by which parties obtain evidence to prove the allegations for disposition of the case. The evidence destroyed by Defendant Granito was key for Plaintiffs to prove their case, and Defendant Granito understood this as is evidenced by his motion for summary judgment. At a minimum, this Court will consider imposing a presumption for purposes of ruling on the motion for summary judgment that the evidence destroyed was not in his favor.

The Court shall stay Plaintiffs' response to Defendant Granito's Motion for Summary Judgment until he shows cause why the Court should not impose sanctions for spoilation in the form of either a presumption against his interests or summary judgment against him.

Finally for future reference, the Defendants should note that by joining in any of each others' motions, they adopt the arguments in the others' motion, which also precludes them from reurging the arguments, subsequently. In other words, Defendants do not get multiple opportunities to urge their arguments. This would result in a waste of judicial resources and unnecessary costs to the Plaintiffs, (Plaintiffs' Response to Hurbon's Motion to Dismiss (Doc. 86) at 1.) Rote joinder will not be permitted. Defendants should take care to join only in arguments that apply, and future duplication will be struck by the Court.

**Accordingly,**

**IT IS ORDERED** that the Motion for Judgment on the Pleadings (Doc. 43) filed by Defendant Granito and joined by Defendants Brown, Turner and Hurbon is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings (Doc. 48) filed by Defendant Turner and joined by Defendants Granito, Brown and Hurbon, is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings (Doc. 64) filed by Defendant Brown and joined by Defendants Granito, Turner, Hurbon, and Holodynski is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Sever Defendants (Doc. 66) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Strike Response (Doc. 75) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 82) filed by Defendant Hurbon and joined by Defendant Granito is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Withdraw (Doc. 91) is GRANTED and the Motion for Protective Order (Doc. 89) filed by Defendant Granito is WITHDRAWN AS MOOT.

**IT IS FURTHER ORDERED** that within 10 days of the filing date of this Order, the Defendant Granito shall show cause why his misuse of the electronic filing system should not result in immediate discontinuation of this privilege and disabling of the password assigned to him.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order, the Defendant Ganito shall show cause why sanctions should not be imposed against him for spoilation of evidence, including granting summary judgment against him.

**IT IS FURTHER ORDERED** that Defendant Granito's Motion to Withdraw (Doc. 98) is GRANTED withdrawing his Motion for Ruling on Undisputed Facts and Grant of Summary Judgment (Doc. 96).

**IT IS FURTHER ORDERED** that Plaintiffs' Response to Defendant Granito's Motion for Summary Judgment shall be due 30 days after the Court's ruling on the Motion to Show Cause, if the Court denies the Plaintiffs' request to enter summary judgment against Defendant Granito as a sanction for spoilation.

**IT IS FURTHER ORDERED** that the unserved Defendants shall be dismissed from this action as follows: Kent B. Campbell, David R. Fuller, Alejandro Gutierrez, Jr.,

1  Jamie P. Jackson, Benjiman Knauer, Tiffany McDaniel, Keith E. Powell, Sharon D, Silver,
2  and unknown parties named as John Does 1 through 20 and XYZ Organizations.

3      DATED this 22nd day of July, 2013.

*David C. Bury*
United States District Judge